UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CRUMLEY ROBERTS, LLP and BURKE HARVEY, LLC, | ) ) ) | |
| *Plaintiffs*, | ) ) | No. 3:21-cv-00315-RJD |
| v. | ) ) ) | |
| HENINGER GARRISON DAVIS LLC, | ) ) ) | |
| *Defendant*. | ) | |

**MOTION TO STAY ALL PROCEEDINGS
PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Defendant Heninger Garrison Davis LLC's ("HGD") hereby moves to stay all proceedings in this removed case, including all deadlines related to answering or responding to the Complaint pursuant to Fed. R. Civ. P. 81, pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on whether to transfer this action into an already-established multidistrict litigation proceeding pending in the United States District Court for the District of Kansas, MDL 2591, *In re: Syngenta AG MIR162 Corn Litigation,* 2:14-MD-02591-JWL-JPO (the "MDL").

The MDL Court has jurisdiction of this case because it involves a "dispute arising from the Fee and Expense Award" issued by Honorable John Lungstrum, who presides over the MDL in the District of Kansas. The Plaintiffs' claims directly implicate the fee award to HGD and seek the large majority of that award, which subjects the claims to the jurisdiction of the MDL in accordance with certain provisions in the class settlement agreement. MDL, Dkt. No. 3507-2, §7.2.3 ("disputes arising from the Fee and Expense Award shall be subject to the jurisdiction of the Court"); *id.*, at §9.18.2 ("The Court also shall retain exclusive and continuing jurisdiction over the Fee and Expense Award").

Accordingly, on March 18, 2021, HGD noticed this case as a potential tag-along case to be transferred to the MDL (Exhibit 1, attached hereto), and HGD respectfully submits that a stay pending a decision by the JPML best serves the interests of efficiency and fairness for both the parties and the Court. To be clear, HGD is not asking this Court to pave any new ground in staying this action. Courts around the country with cases similar to this one have rightfully chosen to stay proceedings until the JPML made a decision. *See Kellogg v. Guerra,* No. 18-1082 (DWF/BRT), 2018 U.S. Dist. LEXIS 118002, at *6 (D. Minn. July 16, 2018) (staying case related to a dispute over attorneys' fees pending the decision of the JPML).[1] This case is particularly suitable for a stay given the strong likelihood that this case will be transferred by the JPML to the MDL, as it has done in directly analogous situations. *See In re Syngenta Ag Mir162 Corn Litig.*, No. MDL No. 2591, 2018 U.S. Dist. LEXIS 138246, at *1-5 (J.P.M.L. Aug. 1, 2018) (transferring case related to attorneys' fee dispute to the MDL).

**PROCEDURAL BACKGROUND**

1. The Complaint is a civil action for attorney fees and costs that was filed on February 26, 2021 in the Third Judicial Circuit of Madison County, Illinois, styled *Crumley Roberts LLP et al., v. Heninger Garrison Davis, LLC*, No. No. 2021L 000260. HGD was served with the Complaint and summons in Alabama on March 10, 2021. Dkt. No. 1, ¶2 (Notice of Removal).

---

[1] Numerous other courts have also stayed similar Syngenta-related litigation pending a decision on transfer to the MDL, and this Court should do likewise in this matter. *See, e.g.*, Order, Dkt. 8, *In re Cases Against Syngenta Corp., et al.*, No. 0:15-cv-00225-RHK-JSM (D. Minn. Feb. 26, 2015); Order, Dkt. 26, *Lutringer v. Syngenta Corp.,* No. 4:14-cv-03664 (S.D. Tex. Feb. 17, 2015); Order, Dkt. 43 at 2, *Cargill v. Syngenta Seeds, Inc.,* No. 2:14-cv-02388-LMA-DEK (E.D. La. Dec. 17, 2014); Order, Dkt. 29, *Kalina v. Syngenta Corp.,* No. 4:14-cv-03666 (S.D. Tex. Feb. 17, 2015); Order, Dkt. 9, *Archer Daniels Midland Co. v. Syngenta Corp.*, No. 2:14-cv-02891-SM-KWR (E.D. La. Dec. 29, 2014); Order, Dkt. 43; Order, Dkt. 15, *Fornea-5, LLC v. Syngenta AG*, No. 2:14-cv-02670-LMADEK (E.D. La. Dec. 17, 2014); Order, Dkt. 19, *Hargrove v. Syngenta Seeds, Inc.*, No. 5;14-cv-00380- BSM (E.D. Ark. Nov. 17, 2014); *see also, e.g.*, Order, Dkt. 12, *Guth v. Syngenta Corp.,* No. 0:14-cv-04464-DSD-HB (D. Minn. Nov. 14, 2014).

On March 18, 2021, HGD timely removed the action to this Court. *Id.* The case was removed as Case No. 3:21-cv-00315-RJD (S.D. Ill.). HGD then filed the required Notification of Removal with the Third Judicial Circuit of Madison County, Illinois.

2. The Complaint directly arises from both the MDL, pending in the District of Kansas, and *In Re: Syngenta Mass Tort Actions*, No. 3:15-cv-01221-NJR (S.D. Ill.) ("*Poletti*"), pending in this Court. The Complaint is replete with factual allegations of conduct and events that occurred in the MDL and in *Poletti*.

3. Based on their allegations of facts and events in the MDL and *Poletti*, the Plaintiffs seek a judgment against HGD for two-thirds of "approximately $30,000,000.00" in fees related to HGD's "common benefit" work, which were awarded to HGD by the Honorable Nancy Rosenstengel, Chief Judge in the Southern District of Illinois. *See* Compl. at ¶ 17. The award of fees was further approved by the MDL court based on the order of this Court, as required by the class settlement. See MDL Dkt. Nos. 4275, 4227-1, 3507-2 at ¶ 7.2.2. ("Any Fee and Expense Award in conjunction with this Settlement shall be issued by the Court, in consultation with and approved by the Honorable David R. Herndon of the United States District Court for the Southern District of Illinois.").

4. Notably, a significant portion of the common-benefit fee addressed by the Complaint is undisbursed pending appeals. See *In re: Syngenta AG MIR162 Corn Litigation,* 2:14-MD-02591, 2021 U.S. Dist. LEXIS 5431 (D. Kan. Jan. 12, 2021) (MDL order on partial disbursement and holdback). This undisbursed amount is escrowed and in the custody of the MDL Court, disbursable after the appeals and only upon an order of that court. See *In re: Syngenta AG MIR162 Corn Litigation,* 2:14-MD-02591, 2019 U.S. Dist. LEXIS 56344, at *64 (D. Kan. Apr. 2, 2019) ("[T]he settlement agreement gives this Court exclusive jurisdiction over the settlement

fund, and thus any disbursements from that fund for attorney fees must be authorized ultimately by this Court."). Provided any appellant is successful in appealing the attorney fee awards, the amount of attorney fees and costs awarded to HGD—2/3s of which is demanded by Plaintiffs—may change.[2]

5. The controlling order of the MDL Court (MDL Doc. 3882) also provides for an "IRPA pool" that comprises 12 percent of the aggregate common-fund fee of $503.33 million to be used to compensate attorneys hired by claimants regardless of work performed. HGD and the Plaintiffs are eligible for fees from the IRPA pool, which is expected to be $400,000.00 for the Plaintiffs and HGD combined. However, IRPA fees have not been awarded. The Complaint seeks judgment from HGD on the basis of all fees despite the fact that this undetermined and undisbursed IRPA sum remains in the custody of the MDL court. *See* 2021 U.S. Dist. LEXIS 5431, at *471-72; 2019 U.S. Dist. LEXIS 56344, at *64.

6. On March 18, 2021, HGD noticed this action as a potential tag-along to be transferred to the MDL by the Judicial Panel on Multidistrict Litigation (the "JPML"). *See* Ex. 1 (the "Notice"). In that Notice, HGD argued that the Complaint and its subject matter is controlled by the Final Order and Judgment of the MDL Court, which "expressly incorporates . . . the Settlement Agreement" and explicitly orders that disputes arising under it, including those related to attorney fee and expense awards, shall be subject to the continuing and exclusive jurisdiction of the Honorable Judge John W. Lungstrum in the District of Kansas (the "MDL Court").[3] HGD also

---

[2] *See In re: Syngenta AG MIR 162 Corn Litigation*, Nos. 19-3008, et al. (U.S.C.A. 10th Cir.), Docs. 010110355210, 010110356333, 010110355183 (appeals of Toups-Coffman, et al., Johnson Becker, and Eiland/Demerath, each of which seek increased attorney fee awards, which if granted, could alter the amount of HGD's award).

[3] *See* MDL, Dkt. No. 3850, ¶¶14-15 and Dkt. No. 3507-2, §§7.2.3, 9.15.1, 9.18.1-2,

4

argued that this action represents an attempt to evade the MDL Court's exclusive and continuing jurisdiction, including its control over any award of attorneys' fees.

7. In the Notice, HGD also highlighted the fact that the fee dispute in *Crumley* is analogous to the fee disputes raised in *Kellogg*, which was transferred to the MDL Court.[4] In that case, the plaintiff advanced claims of fraud, obstruction, racketeering, and a host of other causes of action related to "an [alleged] attorney fee fraud scheme perpetrated by the [d]efendants, a Texas law firm and its joint venture partners, lawyers and law firms in multiple states, against 60,000 corn growers across the United States in connection with GMO corn lawsuits against Syngenta AG ('Syngenta')." *In re Syngenta Ag Mir162 Corn Litig.*, No. MDL No. 2591, Dkt. No. 751-3, ¶1 (J.P.M.L. Apr. 30, 2018).

8. *Kellogg* was noticed as a potential tag-along to the MDL shortly after it was filed. The defendants in *Kellogg* promptly filed a motion to stay that action pending the JPML's decision on whether to transfer *Kellogg* to the MDL Court, which was opposed by the plaintiffs. The *Kellogg* court stayed the action pending the decision of the JPML, holding that

> [a]lthough the [c]ourt takes seriously the delay to [p]laintiffs' "day in court," [d]efendants only seek a stay pending the JPML's decision on [the conditional transfer order]. There is no reason to think that the JPML will not resolve the issue in a timely manner. Therefore, should the JPML reverse [the conditional transfer order], the parties will proceed with briefing and hearings on the pending motions without significant delay.

*Kellogg v. Guerra*, 2018 U.S. Dist. LEXIS 118002, at *5.

9. *Kellogg* was eventually transferred by the JPML to the MDL Court, despite opposition from the plaintiffs. *See In re Syngenta Ag Mir162 Corn Litig.*, 2018 U.S. Dist. LEXIS 138246, at *1-5 (the "*Kellogg* Transfer Order"). The JPML found that "transfer places *Kellogg*

---

[4] *Kenneth P. Kellogg, et al. v. Watts Guerra, LLP et al*, 0:18-cv-01082-DWF-BRT (D. Minn., Apr. 24, 2018) ("*Kellogg*").

5

before the transferee judge, and it may inform his overall assessment of the fairness of the settlement and any subsequent requests for attorneys' fees." *Id.* at *4. Subsequently, the *Kellogg* plaintiffs moved for reconsideration and pursued two separate petitions for writs of mandamus to the Tenth Circuit to reverse the *Kellogg* Transfer Order.[5] All attempts to vacate the *Kellogg* Transfer Order failed.

## ARGUMENT

### I. Legal Standard for Motions to Stay Pending JPML Transfer

District courts have inherent authority to stay their proceedings in the interests of economy and efficiency. *See Landis v. No. Am. Co.,* 299 U.S. 248, 254 (1936) (emphasizing that the power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *see also Tex. Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005); *Trippe Mfg. Co. v. American Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995).

"In considering a motion for stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties." *Smith v. Merck & Co.*, No. 06-cv-0931-DRH, 2006 U.S. Dist. LEXIS 94189, at *2 (S.D. Ill. Dec. 29, 2006); *Walker v. Merck & Co.*, No. 05-CV-360-DRH, 2005 U.S. Dist. LEXIS 13693, at *5-6 (S.D. Ill. June 22, 2005); *Wagner v. Merck & Co.*, No. 05-CV-00364-DRH, 2005 U.S. Dist. LEXIS 53035, at *3 (S.D. Ill. June 21, 2005); *see also Landis*, 299 U.S. at 254-55 (a court "must weigh competing interests and maintain an even balance."); *Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011) ("[w]hen deciding whether to grant a stay, courts balance the competing interests of the parties and the

---

[5] *See In re Syngenta Ag Mir162 Corn Litig.*, No. MDL No. 2591 (J.P.M.L), Dkt. Nos. 751, 779, 788, 806; MN/0:18-cv-01082, Dkt. Nos. 1-3, 19, 25-26, 30-39.

interest of the judicial system"); *Kellogg*, 2018 U.S. Dist. LEXIS 118002 at *4 ("When considering a motion to stay, courts consider the potential stay's impact on judicial resources, the hardship and inequity to the moving party if the case is not stayed, and the prejudice to the non-moving party.").

"A District Court has the inherent power to grant a defendant's motion to stay all proceedings pending the matter's likely transfer to the MDL." *Kavalir v. Medtronic*, No. 07 C 0835, 2007 U.S. Dist. LEXIS 30002, at *10 (N.D. Ill. Apr. 19, 2007) (citing *Smith*, 2006 U.S. Dist. LEXIS 94189, at *1); *see also Walker*, 2005 U.S. Dist. LEXIS 13693, at *3 (staying case that "will likely be transferred to multidistrict litigation"); *Wagner*, 2005 U.S. Dist. LEXIS 53035, at *3 (stay granted pending "likely transfer").

"A district court may stay proceedings even where subject matter is uncertain." *Smith*, 2006 U.S. Dist. LEXIS 94189, at *2 (staying case where motion to remand was pending); *Walker*, 2005 U.S. Dist. LEXIS 13693, at *6 (same); *Wagner*, 2005 U.S. Dist. LEXIS 53035, at *3 (same); *see also cf. Gen. Elec. Co. v. Byrne*, 611 F.2d 670 (7th Cir. 1979) (per curiam) ("If the Multidistrict Panel had transferred these cases prior to the entry of the remand order[,] the transferee court would have had jurisdiction to consider the motion for remand after transfer."). Indeed, 28 U.S.C. § 1407 authorizes the JPML to order a case transferred despite the pendency of a jurisdictional objection. *See In re Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990) (JPML transfer of a case while a jurisdictional challenge was pending was "unobjectionable").

**II. Each of the Relevant Factors Weigh Heavily in Favor of a Stay Pending the JPML's Decision on Whether to Transfer This Case to the MDL.**

This Court should grant HGD's Motion to Stay because each of the relevant factors weigh decisively in favor of a stay pending the JPML's decision on MDL transfer. At the outset, the whole point of an MDL is to promote judicial economy and prevent potential prejudice or hardship

to the parties. "The multidistrict litigation statute, 28 U.S.C. §1407, was enacted as a means of conserving judicial resources in situations where multiple cases involving common questions of fact were filed in different districts." *Royster v. Food Lion (In re Food Lion)*, 73 F.3d 528, 531-32 (4th Cir. 1996). The purpose of multidistrict litigation is to "eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary." *In re Ethicon Physiomesh Flexible Composite Hernia Mesh Products Liability Litigation*, 254 F. Supp. 3d 1381, at 1382 (J.P.M.L. 2017). The statute was also "meant to 'assure uniform and expeditious treatment in the pretrial procedures in multidistrict litigation.'" *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1230 (9th Cir. 2006). Thus, the underling considerations that the JPML will consider in deciding whether to transfer this case align with this Court's test for determining whether to grant a stay.

### A.  Staying This Case Would Promote Judicial Economy.

Granting a stay in this case will promote judicial economy. While this Court has extensive knowledge of this case, and crafted a thorough opinion bestowing a fee award to Illinois litigants, including HGD (and as approved by this Court) this matter appears to fall squarely within the jurisdiction Judge Lungstrum expressly retained to deal with these types of disputes. As such, it should be transferred to the MDL for further consideration, and HGD has initiated that process by requesting a transfer from the JPML. There is no need for this Court to expend any of its energy on this case at this point. *C.f., e.g., Kellogg*, 2018 U.S. Dist. LEXIS 118002, at *4-5 ("Without a stay, if the JPML transfers the case, the Court will expend significant resources familiarizing itself with the facts and law of a case that will be heard in another court.").[6]

---

[6]  *See also, e.g.*, *Paul v. Aviva Life & Annuity Co.*, No. 09-1038, 2009 U.S. Dist. LEXIS 64420, at *3 (N.D. Ill. July 27, 2009) (explaining the "risk of expending valuable judicial resources familiarizing [our]self with the intricacies of a case that may be coordinated or consoli[dated] for

8

The case for a stay here is even more compelling because of the duplicative and potentially wasteful work this Court would have done if any of the pending appeals of attorney fee awards are successful. The pending appeals seek re-allocation of the attorney fees among the various attorney fee pools and among the various firms awarded attorney fees, which creates the risk that the MDL Court will have to re-allocate attorney fees among Kansas, Minnesota, and Illinois (with instructions, for example, for this Court to re-allocate fees in the Illinois pool), and/or re-issue the award of attorney fees to HGD. HGD believes these appeals to be without merit, but nevertheless, this matter remains pending and subject to modification in the unlikely event of a 10th Circuit reversal.

Given these circumstances, a stay would best serve the interests of economy and efficiency by avoiding duplicative proceedings among the transferor (here, this Court) and transferee courts (the MDL Court). *See, e.g., Miley v. Bristol-Myers Squibb Co.*, No. 0:16-cv-00067, 2016 U.S. Dist. LEXIS 108600, at *1 (D. Minn. July 8, 2016) (holding that "the conservation of judicial resources is best served by allowing the JPML to determine whether this action should be part of an MDL); *Gallo v. E.I. DuPont De Nemours & Co.*, No. 2:11-cv-680, 2011 U.S. Dist. LEXIS 99470, at *13 (S.D. Ohio Sept. 2, 2011) (granting stay where there is "the chance that the same battles will have to be fought more than once"). Predictably, courts routinely grant stays pending a decision on MDL transfer. In fact, courts have repeatedly done that for cases related to the Syngenta litigation that were tagged for transfer to the MDL Court. *See Kellogg*, 2018 U.S. Dist. LEXIS 118002, at *1-5; *see also, supra,* fn.1 (citing cases).

---

pretrial purposes in another court"); *La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.,* No. 09-235, 2009 U.S. Dist. LEXIS 35004, at *5 (E.D. La. Apr. 2, 2009).

9

Although the Plaintiffs have not yet moved to remand the case, a stay here is prudent even if they do. *See Smith*, 2006 U.S. Dist. LEXIS 94189, at *2-3; *Walker*, 2005 U.S. Dist. LEXIS 13693, at *5-6; *Wagner*, 2005 U.S. Dist. LEXIS 53035, at *6; *see also cf. Gen. Elec. Co. v. Byrne*, 611 F.2d 670 (7th Cir. 1979) (per curiam) ("If the Multidistrict Panel had transferred these cases prior to the entry of the remand order [,] the transferee court would have had jurisdiction to consider the motion for remand after transfer."). This Court has found that judicial economy weighs in favor of granting a stay when "it is almost certain that the [MDL Court] will hear and decide many of the same issues [p]laintiffs ask "[a court] to tackle in ruling on [a] motion to remand." *Walker*, 2005 U.S. Dist. LEXIS 13693, at *6; *Wagner*, 2005 U.S. Dist. LEXIS 53035, at *6; *see also Smith*, 2006 U.S. Dist. LEXIS 94189, at *3 (same).

Just like the MDL court in *Walker*, *Wagner*, and *Smith*, which had at least 70 motions to remand pending, the MDL Court here has already analyzed and ruled on requests to remand related over 1100 cases filed by various parties in the MDL. *See* MDL, Dkt. Nos. 395 (ruling on four motions to remand to state court), 453 (remanding over 1,100 cases to state courts), 2556 (denying remand of 5 cases), 4208 (denying remand for *Kellogg*). In the case that Plaintiffs move to remand, it would be in the interest of judicial economy to have the MDL Court decide any such motion given its substantial experience dealing with exactly these issues.

**B.     Absent a Stay, HGD Would Be Subject to Hardship and Prejudice.**

The potential prejudice and hardship to HGD is great if a stay is not granted. Indeed, HGD will be subjected to "the potential of duplicative motion practice and discovery proceedings," which demonstrate that "prejudice to [HGD] weigh[s] heavily in favor of a stay." *Emerson v. Lincoln Elec. Holdings, Inc.*, No. 09-6004-CV-SJ-GAF, 2009 U.S. Dist. LEXIS 19906, at *3 (W.D. Mo. Mar. 12, 2009) (*citing Am. Seafood v. Magnolia Processing, Inc.*, Nos. 92-1030, 92-

1086, 1992 U.S. Dist. LEXIS 7374, 1992 WL 102762, at *2 (E.D. Penn. May. 7, 1992)); *see also Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, No. 90-4378, 1991 U.S. Dist. LEXIS 1431, *5-6 (D.N.J. Feb. 1, 1991); *Portnoy v. Zenith Labs.*, No. 86-3512, 1987 U.S. Dist. LEXIS 16134, *2 (D.D.C. April 21, 1987).

Granting a stay will allow the parties to focus their resources on the JPML briefing and getting a ruling from the JPML rather than simultaneously proceeding with "costly discovery and motion practice pending the JPML's decision." *See Kellogg*, 2018 U.S. Dist. LEXIS 118002, at *4. That is especially the case where any motions will likely need to be refiled and decided by the MDL Court. *See, e.g., Witherspoon v. Bayer Healthcare Pharm. Inc.*, No. 4:13CV01912 ERW, 2013 U.S. Dist. LEXIS 163616, at *6-7 (E.D. Mo. Nov. 18, 2013) (crediting defendants' argument that it would be "forced to litigate complex issues both in this Court and the MDL court" if a stay was not granted).

### C. No Prejudice or Hardship Will Befall Plaintiffs If This Case Is Stayed.

Plaintiffs will not suffer any hardship or prejudice if a stay is granted. As demonstrated by the procedural history above, this case is in its infancy. Plaintiffs filed their Complaint less than a month ago, and it was only removed days ago. No discovery has taken place, and other than HGD's responsive pleadings, there are no pending deadlines. Further, briefing on any CTO that issues from the JPML pertaining to this case should be completed by the end of April. The JPML likely will render a decision shortly thereafter. As such, any stay granted here will not be long, and certainly will not prejudice Plaintiffs. *See, e.g., Smith*, 2006 U.S. Dist. LEXIS 94189, at *3 (granting stay and finding that "while Plaintiffs might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial economy interests" or the

"threat of inconsistent rulings"); *Wagner*, 2005 U.S. Dist. LEXIS 53035, at *6; *Walker*, 2005 U.S. Dist. LEXIS 13693, at *6.

Accordingly, the Court should grant the HGD's motion to stay, as other courts around the country have done in analogous cases. *See, e.g.*, Kellogg, 2018 U.S. Dist. LEXIS 118002, at *6 (granting motion to stay pending JPML decision on transfer); *see also, supra,* fn.1 (citing cases).

## CONCLUSION

For the foregoing reasons, this Court should grant HGD's motion to stay further proceedings and deadlines in this case pending the Judicial Panel on Multidistrict Litigation's decision regarding the transfer of this action into the MDL established in the District of Kansas.

Dated: March 19, 2021                    Respectfully submitted,

> By:  /s/ *John Baricevic*
> John Baricevic (IL Bar # 3121537)
> Chatham & Baricevic
> 107 W. Main Street
> Belleville, IL  62220
> Phone: 618-233-2200
> Email: john@chathamlaw.org
> *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing document with the Clerk of this Court, or have caused it to be filed by hand, and have caused a copy to be served on counsel for Plaintiffs via U.S. mail, first-class postage pre-paid and properly addressed, as shown below, this 19th day of March, 2021:

> Christian J. Jorgensen
> Kenneth D. Peters
> Robert R. Tepper
> Dressler | Peters, LLC
> 70 W. Hubbard St., Suite 200
> Chicago, IL  60654
> Phone: (312) 602-7360
> Email:  jorgensen@dresslerpeters.com
>            kpeters@dresslerpeters.com
>            rtepper@dresslerpeters.com

> By:  /s/ *John Baricevic*
> John Baricevic (IL Bar # 3121537)
> *Attorney for Defendant*