IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR 162 ) | |
| CORN LITIGATION ) | |
| ) | |
| This Document Relates To: ) | MDL No. 2591 |
| ) | |
| *Crumley Roberts, LLP and* ) | Case No. 14-md-2591-JWL |
| *Burke Harvey, LLC v.* ) | |
| *Henninger Garrison Davis LLC,* ) | |
| *No. 21-2261-JWL* ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
AMENDED MOTION TO DISMISS**

Defendant Heninger Garrison Davis LLC ("HGD") hereby replies in support of its amended motion to dismiss. This reply is timely filed within the time set by Doc. 4626.

**REPLY ARGUMENT**

The Complaint does not state a claim to the equal division of common benefit fees awarded by the Court. In their response to the amended motion to dismiss, Plaintiffs state that the three firms agreed to split the "total award into three equal parts." (Response Brief, p. 2.) The complaint *never* references the term "award," but instead refers to "legal fees." This is a small but important distinction. An "award" of fees is consistent with action by a court bestowing fees, whereas, in the context of the agreement described in the complaint, a split of "legal fees" connotes those which are derived from a client recovery.

This alleged agreement, formed in 2014, never envisioned nor contemplated an "award" of fees by a court some four years later, nor could it have, because these law firms, skilled in class action and mass tort litigation, would never agree to *prospectively split* an award of common benefit fees equally without any regard to the amount of work each law firm would contribute to the project. Indeed, the description of the agreement in the complaint, and the emails Plaintiffs exhibited to the complaint, confirm this. To say, as the Plaintiffs do, that a 2014 agreement covers common benefit fees is a conclusion that fits their claim, but it is not a plausible one. As such, it cannot withstand the scrutiny required by *Twombly* and *Iqbal*.

According to the complaint, the agreement was made in October, 2014, and was never modified or changed. (Complaint, Par. 7, 11). Hence, years before this Court ever entertained the propriety of a class action settlement, these Plaintiffs allege that they were prescient, with the uncanny ability to foresee a class settlement that would drastically impact the mass tort model under which these parties and numerous other firms prosecuted the cases.

So, with this so-called oral agreement in place, HGD created the SD Illinois "third front," and did the lion's share of the litigation in Illinois, working closely with colleagues from the MDL and Minnesota. Over the ensuing years in this eminently complex case, HGD expended **8434.4 attorney hours.** All of these hours

are in the record and are contained in HGD's initial fee application (*Poletti* Doc. 349.)  Moreover, HGD submitted detailed time reports that explained the tasks that match the hours expended.  (*Poletti* Doc. 349-8.)

Each of the Plaintiffs submitted their own affidavits describing the work they claimed to be common benefit time, which was included within the initial fee application.  In stark contrast to the attorney hours submitted by HGD, the Crumley Roberts firm submitted **542.6 attorney hours, and of that amount, 304 were for temp attorneys who were hired for 4 weeks for document review.** (*See Poletti* Doc. 349-15.) The remainder of the attorney hours was for partner Brian Kinsley, who claimed **238 hours.** (*Id*.)  The Burke Harvey firm submitted their own affidavit as well, which was included in the fee application.  In their affidavit, they claim a total of **177 attorney hours.**  (*Poletti* Doc. 349-16.)

The Plaintiffs ask this Court to believe that this 2014 oral agreement grants an equal share of the fee award to these two firms, when neither firm did any substantial work that contributed to the amount of the award.  The work that they did is in the record and is available for the Court to review should it desire to do so.

Plaintiffs also ask this Court to construe the agreement in such a way that HGD, knowing it would have to share all common benefit fees, willingly expended **over 20 times more attorney hours than the Plaintiffs knowing that it was literally giving away two thirds of any award for these hours to the other firms.**

It also calls into question why HGD would incur expenses in the amount of $785,692.44, without ever asking for contribution from these other lawyers, and why these other lawyers would only incur expenses of $27,183.98 (collectively), as shown by the affidavits. (*See Poletti* Docs. 349 at 17-18; 349-8, 349-15, 349-16.)

The October 27, 2016 email attached as exhibit A to the Plaintiffs' complaint dispels any notion that the agreement covered common benefit fees. This email is a request to HGD partner Bill Bross from Crumley partner Brian Kinsley to "…get a letter agreement regarding our agreement for our 3 firms to pool our Syngenta Case inventories and split net fees after expenses and co-counsel fees are deducted?" The *inventories* describe the cases the three firms handled jointly. The fees described are the anticipated fees that might flow from those cases.

It is likewise notable that the email references "the implications of the Class Cert in the MDL," but nowhere mentions the possibility, however remote, that all or a majority of fees at some point might be common benefit fees. Instead, Kinsley is desirous of "redoubling our efforts to get more cases," which could generate more fees from those cases.

Defendant requests that the Court consider the circumstances that existed at the time the alleged 2014 agreement to split fees was formed. Defendant also asks the Court to consider whether experienced law firms accustomed to the way common benefit awards work would *prospectively agree* to an equal split of common benefit

4

fees without any regard whatsoever to the number of hours expended by each firm that resulted in the common benefit award. Such an agreement among skilled class action litigators would make no sense. It is implausible. The only way to equitably agree to a prospective award of common benefit fees is to tie it to hours worked.

Plaintiffs want a $20M windfall for approximately 415 attorney hours worked, but the agreement, as alleged, does not justify this inequitable result.

## **Conclusion**

The complaint is due to be dismissed.

Dated: August 23, 2021

>Respectfully submitted,
>
>By: /s/ *John Baricevic*
>John Baricevic (IL Bar # 3121537)
>Chatham & Baricevic
>107 W. Main Street
>Belleville, IL  62220
>Phone: 618-233-2200
>Email: john@chathamlaw.org
>*Attorney for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing document with the Clerk of this Court, or have caused it to be filed by hand, and have caused a copy to be served on counsel for Plaintiffs via U.S. mail, first-class postage pre-paid and properly addressed, as shown below, this 23rd day of August, 2021:

>Christian J. Jorgensen
>Kenneth D. Peters
>Robert R. Tepper
>Dressler | Peters, LLC
>70 W. Hubbard St., Suite 200
>Chicago, IL  60654
>Phone: (312) 602-7360
>Email:  jorgensen@dresslerpeters.com
>        kpeters@dresslerpeters.com
>        rtepper@dresslerpeters.com

>By:  /s/ *John Baricevic*
>John Baricevic (IL Bar # 3121537)
>*Attorney for Defendant*