IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: SYNGENTA AG MIR 162 | ) | MDL No. 2591 |
| CORN LITIGATION | ) | |
| | ) | Case No. 14-md-2591-JWL |
| This Document Relates To: | ) | |
| | ) | |
| *Crumley Roberts, LLP and* | ) | |
| *Burke Harvey, LLC v.* | ) | |
| *Henninger Garrison Davis LLC,* | ) | |
| No. 21-2261-JWL | ) | |
| _____ | ) | |

## **MEMORANDUM AND ORDER**

        This single case within this multi-district litigation (MDL) presently comes before

the Court on plaintiffs' motion for leave to amend their complaint (Doc. # 66).  For the

reasons set forth below, the Court **denies** the motion.

        In this suit, plaintiff law firms seek to recover from defendant law firm two thirds

of an attorney fee award pursuant to an alleged oral agreement among the parties.[1]  By their

original complaint, plaintiffs assert claims for breach of contract; a claim of promissory

estoppel; and a claim for dissolution, accounting, and distribution under the Illinois

Uniform Partnership Act.[2]  Plaintiffs now seek leave to amend to add as defendants the

_____

        [1] This case was originally filed in Illinois state court, removed to federal court, and
then transferred into the MDL.  By previous order, the Court denied plaintiffs' motion to
remand the case to state court, ruling that by its prior orders it had retained jurisdiction over
this dispute.  Thus, the Court does not agree with plaintiffs' statement in their brief that the
case will eventually be remanded to the federal court in Illinois.

        [2] The Court previously dismissed plaintiffs' equitable estoppel claim.

five equity owners of defendant firm, an Alabama limited liability company; and to add a claim seeking to set aside any distributions of the subject fee award by defendant firm to those owners pursuant to Ala. Code § 8-9B-5, a provision of the Alabama Uniform Voidable Transactions Act.[3]

Defendant opposes the motion, which plaintiffs filed on July 29, 2022, as untimely, based on the scheduling order's amendment deadline of May 6, 2022.   Because plaintiffs seek to amend after the deadline, they must show good cause, as required by Rule 16 for modification of the scheduling order.  *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014) (citing Fed. R. Civ. P. 16(b)(4)).   The Tenth Circuit has elaborated on the "good cause" requirement as follows:

> In practice this requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts.   Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed.  If the plaintiff knew of the underlying conduct but simply failed to raise tort claims, however, the claims are barred.

*See id.* at 1240 (internal quotations and citations omitted).

Plaintiffs argue in their reply brief that good cause exists here because they "learned new information through discovery."   In their proposed amended complaint, plaintiffs allege "upon information and belief" that defendant distributed the fee award it had

---

[3] In its initial brief, plaintiffs sought leave to add a claim pursuant to the Alabama Uniform Fraudulent Transfer Act, Ala. Code § 8-9A-1 *et seq.*  After defendant noted in its response that that statute now applies only to transfers made before 2019, plaintiffs stated in their reply brief that they had erred in their original citation and that they actually seek to amend to add a claim under the Voidable Transactions Act.  The Court has therefore treated the motion as one to add a claim under the latter statute.

received, including to its five owners, and that the other requirements of the Alabama statute have been satisfied.  Plaintiffs argue that they sought this amendment as soon as they learned in discovery "that the funds needed to pay them had been prematurely dispersed [*sic*]."

Plaintiffs have not adequately established, however, that they indeed learned in discovery that defendant made distributions to its owners or others of the disputed amount (two-thirds) of the fee award.  Plaintiffs rely solely on defendant's answer to a single interrogatory, in which plaintiffs asked defendant to state the location of the disputed funds and any facts relating to defendant's compliance with the Alabama ethical rule requiring segregation of disputed property.  Originally, defendant (while also asserting objections) answered only by directing plaintiffs to documents in the MDL and related litigation in which courts noted fee awards to various parties.  After the parties had an informal conference with the Magistrate Judge, defendant served a supplemental answer in which it stated (without waiving its objections) that it had made certain allocations of expense awards to various firms (totaling approximately $113,000) and that the remainder of the fee award had been "retained" by defendant.  Plaintiffs' counsel asked defendant's counsel to clarify the latter statement and to state specifically whether the funds had been segregated or distributed or simply held in a non-segregated account, but defendant's counsel declined to supplement that portion of the answer.

Thus, the answer that plaintiffs received in discovery does not indicate that defendant distributed the fee award funds to its owners, as plaintiffs now seek to allege on

information and belief; to the contrary, defendants stated that the remainder of the funds have been "retained," which under its ordinary meaning indicates that those funds have *not* been distributed by defendant. Plaintiffs argue that defendant's "refusal" to answer the interrogatory leaves them "with no other reasonable conclusion" than defendant violated its ethical responsibility to segregate the funds. Defendant did provide an answer to the interrogatory, however, and the Court does not agree that defendant's refusal to elaborate on its statement that it retained the funds provides evidence that defendant in fact did *not* retain the funds and made voidable transfers.[4] Plaintiffs may believe that defendant's answer was insufficient, but if so, they were obliged to seek relief by way of a timely motion to compel.[5] In the absence of such a motion or any other answer by defendant in response to the interrogatory, the Court is left with defendant's statement that it has retained the funds.[6] Because that information does not provide a basis for alleging that defendant did not in fact retain the funds but instead distributed them to its owners, and because plaintiffs have not identified any other new information giving rise to its proposed amendment, the Court concludes that plaintiffs have not shown good cause for modifying

---

[4] Plaintiffs' proposed claim under the Alabama statute turns not on whether defendant failed to segregate the funds or satisfy an ethical obligation, but rather on whether defendant distributed the funds to other parties (in addition to other elements of the statute).

[5] In correspondence between counsel, which plaintiffs attached to their reply brief, plaintiffs' counsel conceded that the Magistrate Judge had indicated that he would not require defendant to identify particular recipients of funds within defendant firm in response to the interrogatory.

[6] Of course, if it comes to light that defendant did in fact distribute the funds to its owners and its statement that it retained the funds is therefore proven false, plaintiffs may seek relief as appropriate at that time.

the scheduling order's deadline for amendment of the pleadings.  The Court therefore

denies the motion for leave to amend.[7]

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiffs' motion for

leave to amend their complaint (Doc. # 66) is hereby **denied**.

IT IS SO ORDERED.

Dated this 16th day of September, 2022, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[7] In light of this conclusion, the Court need not address the parties' arguments concerning the applicability of Rule 9(b) or those concerning the existence or absence of prejudice to defendant from the addition of the new claim at this time.  Nor does the Court consider plaintiffs' argument that requiring a separate suit asserting the new claim would not serve judicial economy.