IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR 162 ) <br> CORN LITIGATION ) <br> ) <br> This Document Relates To: ) <br> ) <br> *Crumley Roberts, LLP and* ) <br> *Burke Harvey, LLC v.* ) <br> *Henninger Garrison Davis LLC, et al.*, ) <br> No. 21-2261-JWL ) <br> _____) | MDL No. 2591 <br><br> Case No. 14-md-2591-JWL |

## **MEMORANDUM AND ORDER**

This single case within this multi-district litigation (MDL) presently comes before the Court on plaintiffs' motion for leave to amend the complaint (Doc. # 109). For the reasons set forth below, the Court **grants** the motion as set forth herein.

Plaintiffs' complaint included a claim for dissolution, accounting and distribution of the parties' alleged partnership under the Illinois Uniform Partnership Act. In two separate orders, the Court raised (but did not decide) the issue whether the Illinois statute would govern plaintiffs' partnership claim in light of the statute's reference to the law of the state of the partnership's chief executive office. After defendant asserted in the pretrial order the defense that the Illinois statute does not apply here, plaintiffs filed the instant motion. Plaintiffs seek leave to add claims for dissolution, accounting, and distribution of the parties' alleged partnership under Alabama partnership and joint venture law (including an Alabama statute).

As an initial matter, the Court notes that plaintiffs' latest amended complaint is no longer operative, as it has been superseded by the pretrial order entered by the Court on April 20, 2023. Accordingly, plaintiffs' request to add claims is more appropriately considered as a motion to modify the pretrial order, and the Court has treated the motion as such.[1]

The Court may modify the pretrial order only to prevent manifest injustice. *See* Fed. R. Civ. P. 16(e). In essence, plaintiffs seek an amendment of the scheduling order's deadline for amendments to the pleadings, and such an amendment requires a showing of good cause. *See Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (citing Fed. R. Civ. P. 16(b)(4)). "Trial courts have considerable discretion in determining what kind of showing satisfies this good cause standard." *See id.* (internal quotations and citation omitted). Relevant factors include the moving party's diligence in seeking the change; the possible prejudice to the party opposing the modification and the ability to cure such prejudice; disruption to the orderly and efficient trial of the case by inclusion of the new issue; and any bad faith by the party seeking the modification. *See Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222-23 (10th Cir. 2000).

Defendant argues that plaintiffs were not diligent in seeking this addition to their claims, especially in light of the fact that the Court first referenced this potential choice-of-law issue in September 2021. Defendant failed to assert the choice-of-law defense in

---

[1] Plaintiffs have made clear in their reply brief that they do not seek to add any new factual contentions, but merely seek to assert their partnership and joint venture claim under Alabama law as well.

subsequently seeking summary judgment on plaintiffs' partnership claim, however, and plaintiffs sought to amend within a reasonable time after defendant asserted the defense in the pretrial order.

In the Court's view, the most important consideration here is the lack of any demonstrated prejudice to defendant from the proposed additional claims. Significantly, this is not a situation in which a plaintiff seeks to add a new claim or theory of liability based on facts that it purportedly learned during the litigation; nor is it a case of a plaintiff adding a new theory of liability that it could have asserted in the original complaint. Plaintiffs have asserted a partnership claim throughout the litigation, and they merely seek by the new claims to identify a different governing law. Indeed, as plaintiffs note, they would not have been required in the complaint to stake out a position on all potential choice-of-law issues. Plaintiffs have not sought leave to introduce a new theory of liability at this stage; thus, the case is distinguishable from others in which the plaintiff delayed in seeking to add claims that could have been asserted earlier.

In addition, defendant has not identified any real prejudice that it would suffer from the requested modification to the pretrial order. In this regard, defendant primarily points to the fact that it would be required to defend new claims, but that fact does not constitute prejudice in this context. *See Orchestrate HR, Inc. v. Blue Cross and Blue Shield of Kan., Inc.*, 2021 WL 2515025, at *4 (D. Kan. June 18, 2021) ("That defendant may have more claims to defend does not establish the requisite prejudice."); *Patel v. Reddy*, 2012 WL 602130, at *5 (D. Kan. Feb. 23, 2012) (having to defend against more claims, which

3

happens any time a plaintiff amends, does not show prejudice that weighs against allowing the addition of new claims). Rather, courts typically find prejudice only when the amendment unfairly affects a party's ability to defend the suit. *See AKH Co., Inc. v. Universal Underwriters Ins. Co.*, 2018 WL 2008860, at *4 (D. Kan. Apr. 30, 2018); *see also Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1209 (10th Cir. 2006) ("an amendment may be prejudicial if its *timing* prevents the defendant from pursuing a potentially promising line of defense") (emphasis added).

Defendant also relies on the fact that although plaintiffs asserted a partnership claim in their previous complaints, they did not specifically allege a joint venture in those complaints. Defendant has long been on notice that plaintiffs were alleging a partnership or a joint venture (as a form of partnership), however, as plaintiffs asserted that a joint venture existed in their briefs opposing defendant's motion to dismiss and defendant's summary judgment motion. Defendant notes that Alabama law appears to treat joint ventures and partnerships as separate entities, and, indeed, plaintiffs justified the assertion of *two* new claims by noting that Alabama law draws a distinction between partnerships and joint ventures. Thus, plaintiffs seek to add a partnership claim under the Alabama partnership statute and a joint venture claim under Alabama law generally. The elements for proving a partnership under Alabama law, however, appear to be quite similar – if not identical – to the elements for proving a joint venture. *Compare Flowers v. Pope*, 937 So. 2d 61, 66 (Ala. 2006) (listing elements of joint venture), *with* Ala. Stat. § 10A-8A-2.01(a) (defining a partnership) *and Doug's Coin & Jewelry, Inc. v. America's Value Channel,*

4

*Inc.*, 2015 WL 3632228, at *14-15 (N.D. Ala. June 10, 2015) (discussing elements of a partnership), *aff'd*, 623 F. App'x 520 (11th Cir. 2015). Defendant claims that it would need to take additional discovery to defend a new joint venture claim, but it has not explained why that is the case or identified any particular discovery that it would need.

In addition to the lack of prejudice, it is significant that trial is not imminent, and defendant has ample time to prepare any additional defenses; thus, the modification will not disrupt the orderly trial of this case. Moreover, the Court does not agree with defendant that plaintiffs' delay in seeking this relief evidences bad faith on their part. Finally, it is always the Court's preference for cases to be decided on their merits. *See Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011); *Sprint Communications Co. L.P. v. Comcast Cable Communications LLC*, 2017 WL 3730493, at *2 (D. Kan. Aug. 30, 2017) (Lungstrum, J.). Accordingly, based on its consideration of these factors, the Court in its discretion concludes that there is good cause, in order to avoid manifest injustice, to modify the pretrial order to include the two claims under Alabama law that plaintiffs seek to assert; and the Court deems the pretrial order so modified.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiffs' motion for leave to amend (Doc. # 109) is hereby **granted** as set forth herein.

---

[2] Of course, to the extent that defendant believes that a unique defense to the new claims under Alabama law has not been preserved in the pretrial order, it may file its own motion to modify in light of this ruling.

IT IS SO ORDERED.

Dated this 7th day of July, 2023, in Kansas City, Kansas.

                                                     /s/ John W. Lungstrum
                                                     Hon. John W. Lungstrum
                                                     United States District Judge